UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>          Plaintiff(s),<br><br>v.<br><br>FRENY DESAI,<br><br>          Defendant(s). | 2:12-CV-1338 JCM (CWH) |

**ORDER**

On July 30, 2012, this case was removed from state court. (Doc. # 1). After reviewing the amended removal petition for proper jurisdiction, this court, *sua sponte*, remands this case to state court for lack of subject matter jurisdiction.

**I.     Factual Background**

On December 29, 2006, defendant Freny S. Desai obtained title to real property located at 7908 Indian Cloud, Ave., Las Vegas, NV 89129. (Doc. # 1-3, 2:21-22). Defendant executed a promissory note to obtain the property and secured payment for the note by executing a deed of trust. (Doc. # 1-3, 2:27-3:5). Plaintiff Select Portfolio Serving, Inc. is now the holder for value of the note and deed of trust. (Doc. # 1-3, 3:9-11). As of June 15, 2012, there remains due and owing $199,999.98 on the note. (Doc. # 1-3, 3:17-18).

On June 20, 2012, plaintiff filed a complaint for judicial foreclosure in the Eighth Judicial District. (Doc. # 1-3: 1). Plaintiff alleges that under the terms of the deed of trust, it is entitled to

**James C. Mahan**
**U.S. District Judge**

recover on the note or foreclose on the deed. (Doc. # 1-3, 4:2-3). Further, plaintiff alleges that pursuant to NRS 30.040, it is entitled to declaratory relief as to the validity of the agreement. (Doc. # 1-3, 4:24-25).

On July 30, 2012, defendant filed a petition for removal in this court to remove case number A-12-663892-C from state to federal court. (Doc. # 1). On August 2, 2012, plaintiff moved to remand the case to state court. (Doc. # 4). On August 6, 2012, defendant amended her petition for removal. (Doc. # 5).[1]

## II. Discussion

### A. Legal Standard

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds to sum or value of $75,000. 28 U.S.C. § 1332(a). Second, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

If, following removal, a federal court determines there was a defect in the removal procedure or an absence of subject matter jurisdiction, it may remand the action to state court sua sponte or on motion of a party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). In deciding whether removal was proper, courts strictly construe the statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th

---

[1] The court acknowledges that plaintiff's motion for remand (doc. # 4) is mooted by defendant filing an amended petition for removal (doc. # 5). Removal petitions may be amended freely within the thirty-day period set forth in 28 U.S.C. § 1446(b). Here, defendant represents that she was served on July 9, 2012 (doc. # 5, 1:25-26) and defendant amended her removal petition on August 6, 2012 (doc. # 5). Thus, the amendment was timely.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Cir. 2003).

2      B.    Analysis

3          1.    *Diversity Jurisdiction*

4  Defendant attempts to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332 by

5  demonstrating that there is complete diversity among the parties.

6              a.    *Amount in Controversy*

7  In the amended removal petition, defendant does not explain how the amount in controversy

8  has been met. Defendant simply states "the amount in controversy, exclusive of interest and costs,

9  exceeds $75,000." (Doc. # 5, 2:14). Without more, the amended petition fails to meet this

10 requirement. However, in fairness the court looks to the complaint and determines that the alleged

11 payment due and owing is $199,999.98 (doc. # 1-3, 3:18); thus, the amount in controversy

12 requrement has been established.

13             b.    *Complete Diversity*

14 It is well settled that in the context of diversity jurisdiction, a corporation is a citizen of (1)

15 the state under whose laws it is organized or incorporated; and (2) the state of its "principal place

16 of business." 28 U.S.C. § 1332(c)(1).

17 Defendant states that she is a citizen of Nevada (doc. # 5, 2:25-26) and that plaintiff was

18 incorporated in Utah (doc. # 5, 2:24), thus establishing "complete diversity between Plaintiff and

19 Defendant" (doc. # 5, 2:27-3:1). Defendant, however, fails to discuss the location of plaintiff's

20 principal place of business and establish that it is also diverse from defendant's state of citizenship.[2]

21 However, if plaintiff's principal place of business is not in Nevada, then diversity would exist among

22 the parties.

23             c.    *Forum Defendant Rule*

24 Pursuant to the forum defendant rule, removal on the basis of diversity jurisdiction is

25 confined to "instances where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see*

26 *also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

27 

28     [2]Plaintiff's state of incorporation is only one compontent of a corportion's state of citizenship.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   As discussed, defendant states that she is a citizen of Nevada. (Doc. # 5, 2:25-26). Because
2   this action was filed in state court in Nevada and because defendant is domiciled in Nevada, the
3   forum defendant rule bars defendant from removing this action to federal court.

4       2.    *Federal Question Jurisdiction*

5   Defendant also attempts to establish federal question jurisdiction pursuant to 28 U.S.C. §
6   1331 by showing federal laws that have been allegedly violated by plaintiff.

7   A suit arises "under the Constitution, laws, or treaties of the United States," if "the plaintiff's
8   well-pleaded complaint raises issues of federal law." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S.
9   156, 163 (1997). As explained by the Supreme Court, "the presence of even one claim 'arising
10  under' federal law is sufficient to satisfy the requirement that the case be within the original
11  jurisdiction of the district court for removal." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386
12  (1998).

13  Defendant argues that federal question jurisdiction is implicated because "the State Court
14  action subsumed federally cognizable causes of action which are now expressed and set forth in the
15  Counterclaim and Cross-Complaint filed concurrently herewith." (Doc. # 5, 1:27-2:2).

16  However, the causes of action in the state court complaint are each based on Nevada state
17  law (breach of a note and deed of trust and a claim for declaratory relief); thus, there are no federal
18  laws stated on the face of the complaint or implicated by the alleged causes of action.

19  **III.   Conclusion**

20  Based on the foregoing discussion, this court lacks subject matter jurisdiction under both 28
21  U.S.C. § 1332 and 28 U.S.C. § 1331.

22  . . .
23  . . .
24  . . .
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this matter be, and the same hereby is, REMANDED to state court due to this court's lack of subject matter jurisdiction.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand to state court (doc. # 4) be, and the same hereby is, moot due to defendant timely filing an amended removal petition.

DATED September 7 , 2012.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**